George W. Konieczny appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division, which found him in contempt and ordered him to pay 32.5 percent of his gross military retired pay to his former wife, Sandra J. Konieczny, notwithstanding the fact that some of the pay was attributable to disability benefits.
The parties were divorced in 1993 after fourteen years of marriage. At the time of the divorce, Mr. Konieczny was on active duty with the United States Air Force. With respect to Mr. Konieczny's military retirement benefits, the divorce decree provided:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Wife shall receive 32.5% of E-6 retirement of Defendant based on 20 years of service plus pro-rata increases. Defendant's attorney shall prepare the necessary documents to effectuate this property transfer.
Mr. Konieczny retired in July 1994 without having completed the paperwork to transfer Mrs. Konieczny's share of the retired pay to her. This situation was not corrected until January 1995, when Mrs. Konieczny finally began to receive her 32.5 percent of Mr. Konieczny's E-6 retired pay.
In April 1995, Mr. Konieczny applied and was approved for veterans' disability benefits. This approval had tax advantages for Mr. Konieczny. Mr. Konieczny was required to waive part of his retirement benefits, however, in order to receive disability benefits. Pursuant to Title 10, Section 1408, U.S. Code ("the Former Spouses' Protection Act"), "disposable retired pay" may be divided as marital property, but disability payments are excluded from the definition of disposable retired pay. Title 10, Section 1408(a)(4) and (c)(1), U.S. Code. Thus, Mr. Konieczny's election to receive disability benefits unilaterally reduced his disposable retired pay and the amount Mrs. Konieczny received as her respective share of that pay. Later in 1995, Mr. Konieczny further reduced his retired pay and increased his disability benefits by adding his three children to his disability benefits as dependents. Mrs. Konieczny continued to receive 32.5 percent of the reduced disposable retired pay.
In November 1996, Mrs. Konieczny filed a motion for contempt based on Mr. Konieczny's failure to complete the paperwork required by the divorce decree and sought an order requiring Mr. Konieczny to pay her an amount which, when combined with the amount she received from the Department of Defense as her share of disposable retired pay, would be equal to 32.5 percent of his total retirement income, including disability. Mrs. Konieczny also asked the court to modify child support due to the increased disability payments Mr. Konieczny received by claiming the children as dependents and to impute income to him for the purposes of calculating child support due to his voluntary underemployment. The motion prayed for attorney fees as well.
A magistrate conducted a hearing on December 4, 1996, at which Mr. Konieczny appeared pro se. Following the hearing, the magistrate found Mr. Konieczny in contempt and imposed a suspended sentence conditioned upon the following: 1) payment to Mrs. Konieczny each month of the difference between 32.5 percent of his gross retired pay and the 32.5 percent of his disposable retired pay currently withheld by the Department of Defense and forwarded to Mrs. Konieczny, i.e., the shortfall due to the amount Mr. Konieczny had waived in order to receive disability benefits; 2) repayment of this shortfall for previous months; and 3) payment to Mrs. Konieczny of the retirement benefits that she had not received during the first six months of Mr. Konieczny's retirement due to his failure to complete the required paperwork. Mr. Konieczny filed objections arguing that the trial court lacked jurisdiction and that disability benefits could not be awarded to a spouse. After reviewing the record and conducting a hearing on Mr. Konieczny's objections, the trial court adopted the magistrate's recommendation.
The magistrate conducted a separate hearing on the issue of attorney fees. He ordered Mr. Konieczny to pay attorney fees on behalf of Mrs. Konieczny in the amount of $1,287.46 and to pay all court costs. The trial court adopted the magistrate's recommendation.
Mr. Konieczny, now represented by counsel, asserts two assignments of error on appeal.
 I. THE TRIAL COURT ABUSED ITS AUTHORITY IN ORDERING A DIVISION OF THE DEFENDANT'S VETERANS DISABILITY.
Mr. Konieczny contends that the trial court's order violated the Former Spouses' Protection Act by awarding Mrs. Konieczny a portion of his disability benefits.
As discussed supra, the Former Spouses' Protection Act provides that state courts may divide disposable retired pay between a member of the military and his spouse pursuant to a divorce, but the Act excludes disability benefits from the definition of disposable retired pay. Mr. Konieczny argues that the exclusion of disability benefits from the definition of retired pay precluded the trial court from ordering him to reimburse Mrs. Konieczny for the difference between 32.5 percent of his disposable retired pay following his election to receive disability benefits and 32.5 percent of his gross retired pay. Mr. Konieczny relies upon Mansell v. Mansell (1989),109 S.Ct. 2023, and Kutzke v. Kutzke (April 12, 1996), Greene App. No. 95 CA 66, unreported, in support of his position.
In Mansell, the Supreme Court held that the Former Spouses' Protection Act does not grant state courts the power to treat as property divisible upon divorce military retirement pay waived by the retiree in order to receive veterans' disability benefits.Mansell, supra, at 2025. In so holding, the Court recognized that its literal interpretation of the statute might inflict economic harm on many former spouses, but concluded that it could not ignore the plain language of the statute and its legislative history in order to reach a different result. Id. at 2032. Although the Court noted that Congress was free to change the sometimes harsh result inflicted by the Act's plain language, Congress has not done so. We followed Mansell in Kutzke, supra.
Although Mrs. Konieczny attempts to distinguish Mansell andKutzke on the basis that the retired spouses in those cases were already receiving both military retirement benefits and disability benefits at the time of the divorce decrees ordering them to share the disability benefits with their spouses, we find this factual distinction to be irrelevant. Whether Mr. Konieczny was receiving disability benefits at the time of the divorce or began to receive them later, the Former Spouses' Protection Act, as interpreted byMansell, precluded the trial court from awarding any portion of the disability benefits to Mrs. Konieczny. While we recognize that this result works a hardship to Mrs. Konieczny and undercuts the intent of the divorce decree, we are constrained to follow the law set forth by Congress and the Supreme Court. Accordingly, we conclude that the trial court erred in ordering Mr. Konieczny to reimburse Mrs. Konieczny for any reduction in her retirement income attributable to Mr. Konieczny's receipt of disability benefits.
The first assignment of error is sustained.
 II. THE TRIAL COURT ABUSED ITS AUTHORITY IN AWARDING DAMAGES AND ATTORNEY FEES TO THE PLAINTIFF WHERE IT LACKED AUTHORITY TO DIVIDE THE VETERAN DISABILITY.
Although Mr. Konieczny does not elaborate on this argument, he seems to contend that the trial court's award of attorney fees to Mrs. Konieczny was "indefensible" because she should not have prevailed on her claim for a percentage of his disability benefits.
Although the trial court erred in awarding Mrs. Konieczny a portion of Mr. Konieczny's disability benefits, Mr. Konieczny's failure to pay Mrs. Konieczny a percentage of his total retirement benefits was not the only basis for the court's finding of contempt. The trial court also found Mr. Konieczny in contempt for failing to execute the documents necessary to ensure Mrs. Konieczny's receipt of her share of his retirement benefits, as he was ordered to do in the divorce decree. As a result, Mrs. Konieczny did not receive her 32.5 percent of Mr. Konieczny's retirement benefits during the first six months of his retirement, an amount totaling $1,837.86. Because this omission formed a meritorious basis for the contempt action, Mrs. Konieczny was entitled to have Mr. Konieczny pay some of her attorney fees. She was not entitled to an award of attorney fees, however, for fees incurred while pursuing a percentage of Mr. Konieczny's disability benefits. We will remand this matter to the trial court for it to determine the amount of attorney fees to which Mrs. Konieczny is entitled in light of our disposition of this appeal.
The second assignment of error is sustained in part and overruled in part.
The judgment of the trial court will be affirmed in part, reversed in part, and remanded for further consideration of the award of attorney fees.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
Phyllis S. Nedelman
Richard T. Brown
Hon. Douglas W. Geyer